IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50567
Conference Calendar
_____

RAY STEWART MARION,

                              Plaintiff-Appellant,

versus

THE STATE OF TEXAS; 385TH JUDICIAL
DISTRICT COURT; JOHN A. ROOSA;
Attorney at Law; IAN CANTACUZENE,
Attorney at Law,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-00-CV-80
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:*

     Ray Stewart Marion, Texas prisoner #755794, has filed a

motion for leave to proceed in forma pauperis (IFP) on appeal,

following the district court's dismissal as frivolous of his

civil rights action pursuant to 42 U.S.C. § 1983.  By moving for

IFP status, Marion is challenging the district court's

certification that IFP status should not be granted on appeal

---

     *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Marion has failed to challenge specifically the district court's finding that his appeal was not taken in good faith and was legally frivolous. Although this court liberally construes pro se briefs, see Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995), the court requires arguments to be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Because Marion has failed to address the only appealable issue, the district court's certification of the appeal as frivolous, he has abandoned the issue on appeal. See id.

Marion's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of § 1915(g), as does the district court's dismissal of Marion's complaint as frivolous. See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). He therefore has two "strikes" under § 1915(g). Marion is warned that if he accumulates three "strikes" pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g). Marion's motion for appointment of counsel is also DENIED.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; STRIKE WARNING ISSUED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.